ALWINE MEIER, APPELLANT, v. CAROLINE SCHMIDT, APPELLEE.

35 N. W. 2d 500

Filed January 14, 1949. No. 32462.

See *ante* p. 383, 34 N. W. 2d 400, for original opinion.

*W. A. Stewart, Jr.,* and *Thomas & Cattle,* for appellant.

*Carr & Hoagland* and *York & York,* for appellee.

Heard before PAINE, CARTER, MESSMORE, YEAGER, CHAPPEL, and WENKE, JJ.

CARTER, J.

The brief on rehearing raises no new questions nor cites any new authorities on the issues decided by our opinion, *ante* p. 383, 34 N. W. 2d 400. It does manifest a complete misconception of the holding of the opinion and the effect that it has upon the litigation. We shall endeavor to clarify it in this respect.

The litigation was commenced by the filing of a petition by Alwine Meier, a German national, on February 6, 1939. The defendant filed a general denial on April 1, 1942. Plaintiff filed a motion for a revivor on July 1, 1947, in which it was recited that defendant died testate on January 28, 1947. A conditional order of revivor was entered by the court and on July 9, 1947, the executor of defendant's estate filed a special appearance wherein he asserted that plaintiff was an enemy alien and that as such she had no right to sue a citizen of the United States in the courts of this state. The trial court denied a revivor of the action for the reason that it could not be prosecuted by plaintiff until the termination of the war. A notice of appeal was filed by Alwine Meier. Nowhere in the pleadings or orders of the trial court does the name of the Alien Property Custodian appear. He has not even attempted to perfect an appeal to this court. As our former opinion states, the Trading with the Enemy Act, 50 U. S. C. A., § 7 (b), specifically prohibits the prosecution of any suit or action at law or in equity by an enemy alien prior to the end of the war. Alwine Meier is an enemy alien and cannot prosecute

the action that she here attempts to prosecute.

On December 22, 1947, there was filed with the clerk of the district court, and included in the transcript to this court, a letter from the office of the Alien Property Custodian which purported to authorize one of the attorneys for plaintiff to appear and represent Alwine Meier in the present litigation and to take such measures as the Alien Property Custodian might determine. Whatever the practice may be elsewhere, one may not assert an interest in pending litigation in any such manner in this state. The filing of a letter with the clerk of the court is without legal effect and cannot properly be included in the transcript. Consequently, the Alien Property Custodian is not a party to the action and we do not deem it necessary to determine or discuss the powers conferred upon him by the Trading with the Enemy Act or the executive orders promulgated pursuant thereto. If and when the Alien Property Custodian asserts his authority by an appropriate pleading, the court will be in a position for the first time to pass upon any questions which may be raised in opposition thereto. Our opinion does not purport to pass upon the authority or powers of the Alien Property Custodian for the very simple reason that he was not in court. Consequently we referred to the Trading with the Enemy Act only for the purpose of determining that plaintiff as an enemy alien was barred from prosecuting the action for the duration of the war.

On the record presented, the opinion handed down is correct. This requires that the motion for a rehearing be overruled.

MOTION FOR REHEARING OVERRULED.

PAINE, J., not participating.